# O'MELVENY & MYERS LLP

| | | |
|---|---|---|
| BEIJING | 1625 Eye Street, NW | NEW YORK |
| BRUSSELS | Washington, D.C. 20006-4001 | SAN FRANCISCO |
| CENTURY CITY | | SEOUL |
| HONG KONG | TELEPHONE (202) 383-5300 | SHANGHAI |
| JAKARTA† | FACSIMILE (202) 383-5414 | SILICON VALLEY |
| LONDON | www.omm.com | SINGAPORE |
| LOS ANGELES | | TOKYO |
| NEWPORT BEACH | | |

April 1, 2014

OUR FILE NUMBER
453,175-1

**VIA E-FILING AND HAND DELIVERY**

WRITER'S DIRECT DIAL
(202) 383-5302

The Honorable Shelly C. Chapman
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004

WRITER'S E-MAIL ADDRESS
pfriedman@omm.com

Re:  *In re LightSquared, Inc. et al., Adv. Pro. 13-01390 (SCC); No. 12-12080 (SCC)*

Dear Judge Chapman:

As directed by the Court, we write on behalf of Sound Point Capital Management, L.P. ("Sound Point") with regard to Plaintiffs' March 21, 2014 Supplement to Motion for Sanctions ("Plaintiffs' Sanctions Supplement"). At the outset we note that neither plaintiffs' sanction motion nor the supplement seeks a remedy against Sound Point. Accordingly, this letter is being submitted to provide the Court with the background to Sound Point's determination that certain of the communications that are the subject of Plaintiffs' Sanctions Supplement were protected by the attorney client privilege and work product immunity, and therefore withheld from production.

Three of the communications that are the subject of Plaintiffs' Sanctions Supplement were in Sound Point's possession. They were included in an email chain bearing bates numbers SPSO-00013031–32.[1] Those communications were among (i) Bingham McCutchen LLP attorneys Steven Giordano and Michael Weismann, who were counsel to Sound Point in connection with its work as broker for SPSO's purchase of LightSquared debt; and (ii) representatives of Sound Point and SPSO, parties who share a common interest. As counsel for Sound Point, we determined that these communications were protected from production by the attorney-client privilege, work product immunity, and common interest doctrine. This determination was based upon the fact that the communications included attorneys providing

---

[1] *See* attachments to James Dugan's March 18, 2014 letter to Court. The documents in Sound Point's possession did not include the redacted emails between Mr. Kiser and Willkie Farr & Gallagher LLP.

† In association with Tumbuan & Partners

O'MELVENY & MYERS LLP
April 1, 2014 - Page 2

advice in a setting and at a time when litigation was not only reasonably anticipated but had been threatened, and the common interest that Sound Point and SPSO shared in the subject matter of the privileged communication. The emails also related to a possible common interest about Federal Reserve Regulation T. We shared these views with counsel for SPSO, who concurred and requested that Sound Point preserve the privileges and not produce the communications. Sound Point followed this request and did not produce the communications.

\* \* \*

Sound Point takes no position on the other issues raised by Plaintiffs.

Respectfully submitted,

*Peter Friedman/aes*

Peter Friedman

PMF