David M. Friedman
Adam L. Shiff
Christine A. Montenegro
Matthew B. Stein
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1633 Broadway
New York, New York 10019
(212) 506-1700

*Attorneys for Plaintiff-Appellant*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------X
:
In re:                                                              :    Chapter 11
                                                                    :
LIGHTSQUARED INC., *et al.*,[1]                                     :    Case No. 12-12080 (SCC)
                                                                    :
                 Debtors.                                           :    Jointly Administered
                                                                    :
---------------------------------------------------------------------X
                                                                    :
HARBINGER CAPITAL PARTNERS LLC, HGW US                              :
HOLDING COMPANY LP, BLUE LINE DZM CORP.,                            :
AND HARBINGER CAPITAL PARTNERS SP, INC.,                            :
                                                                    :
                 Plaintiffs,                                        :
                                                                    :
LIGHTSQUARED LP, LIGHTSQUARED INC.,                                 :
LIGHTSQUARED INVESTORS HOLDINGS INC.                                :
TMI COMMUNICATIONS DELAWARE                                         :    Adv. Case No. 13-01390 (SCC)
LIMITED PARTNERSHIP, LIGHTSQUARED GP INC.,                          :
ATC TECHNOLOGIES, LLC, LIGHTSQUARED CORP.,                          :
LIGHTSQUARED INC. OF VIRGINIA,                                      :
LIGHTSQUARED SUBSIDIARY LLC,                                        :
SKYTERRA HOLDINGS (CANADA) INC., AND                                :
SKYTERRA (CANADA) INC.,                                             :
                                                                    :

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal or foreign tax or registration identification number, are: LightSquared Inc. (8845), LightSquared Investors Holdings Inc. (0984), One Dot Four Corp. (8806), One Dot Six Corp. (8763), SkyTerra Rollup LLC (N/A), SkyTerra Rollup Sub LLC (N/A), SkyTerra Investors LLC (N/A), TMI Communications Delaware, Limited Partnership (4456), LightSquared GP Inc. (6190), LightSquared LP (3801), ATC Technologies, LLC (3432), LightSquared Corp. (1361), LightSquared Finance Co. (6962), LightSquared Network LLC (1750), LightSquared Inc. of Virginia (9725), LightSquared Subsidiary LLC (9821), Lightsquared Bermuda Ltd. (7247), SkyTerra Holdings (Canada) Inc. (0631), SkyTerra (Canada) Inc. (0629) and One Dot Six TVCC Corp. (0040) ("LightSquared").

|  |  |
|---|---|
| Plaintiff-Intervenors, | : |
| | : |
| - against- | : |
| | : |
| SP SPECIAL OPPORTUNITIES LLC, | : |
| DISH NETWORK CORPORATION, | : |
| ECHOSTAR CORPORATION, | : |
| CHARLES W. ERGEN, SOUND POINT CAPITAL | : |
| MANAGEMENT LP, AND STEPHEN KETCHUM, | : |
| | : |
| Defendants. | : |

------------------------------------------------------------------------X

**HARBINGER CAPITAL PARTNERS, LLC REPLY IN SUPPORT OF ITS MOTION
(A) FOR LEAVE TO APPEAL AND (B) TO EXPEDITE APPEAL OF CERTAIN ISSUES**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................................................ii

PRELIMINARY STATEMENT ................................................................................................. 1

REPLY .......................................................................................................................................... 2

I.  THE COURT SHOULD GRANT LEAVE TO APPEAL THE SPSO
    APPELLATE ISSUES. ..................................................................................................... 2

    A.  Interlocutory Review Is Appropriate To Challenge The Court's
        Application Of Equitable Defenses Where It Acknowledged That All
        Elements Were Not Satisfied. ................................................................................ 2

    B.  Interlocutory Review Is Appropriate To Reverse The Court's Holding
        That It Could Not Contractually Disallow SPSO's Claim..................................... 4

    C.  Interlocutory Appeal Is Appropriate To Challenge The Court's Holding
        That Equitable Disallowance Is Not A Viable Cause Of Action........................... 5

II. THE COURT SHOULD CONSIDER THE SPSO APPELLATE ISSUES ON AN
    EXPEDITED BASIS. ....................................................................................................... 6

CONCLUSION............................................................................................................................. 7

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aris-Isotoner Gloves, Inc. v. Berkshire Fashions, Inc.*,
    792 F. Supp. 969 (S.D.N.Y. 1992) *aff'd sub nom. Aris-Isotoner Gloves v. Berkshire Fashions*, 983 F.2d 1048 (2d Cir. 1992) .................................................................................. 3

*Babitt v. Vebeliunas (In re Vebeliunas)*,
    332 F.3d 85 (2d Cir. 2003) ....................................................................................................... 2

*Bein v. Heath*,
    47 U.S. 228, 12 L. Ed. (1848) .................................................................................................. 3

*City of N.Y. v. Tavern on the Green, L.P.*,
    427 B.R. 233 (S.D.N.Y. 2010) ................................................................................................. 3

*In re Continental Airlines Corp.*,
    57 B.R. 845 (Bankr. S.D. Texas 1985) .................................................................................... 4

*De Silvio v. Prudential Lines, Inc.*,
    701 F.2d 13 (2d Cir. 1983) ....................................................................................................... 2

*Eastman Kodak Co. v. Ricoh Co., Ltd.*,
    No. 12 Civ. 3109, 2013 WL 4044896 (S.D.N.Y. Aug. 9, 2013) .............................................. 2

*In re Enron Corp.*,
    2007 WL 2780394 (S.D.N.Y. Sept. 24, 2007) ......................................................................... 5

*Frankel v. Central Moving & Storage Co.*,
    No. 95 CV 6330, 1997 WL 672003 (S.D.N.Y. Oct. 29, 1997) ................................................ 3

*Fundamental Portfolio Advisors, Inc. v. Tocqueville Asset Mgmt., L.P.*,
    7 N.Y.3d 96 (2006) .................................................................................................................. 2

*Law v. Siegel*,
    134 S. Ct. 1188 (2014) ......................................................................................................... 5, 6

*Mason v. Jamie Music Publ'g Co.*,
    658 F. Supp. 2d 571 (S.D.N.Y. 2009) ...................................................................................... 3

*Neuroaxis Neurosurgical Assocs., PC v. Costco Wholesale Co.*,
    919 F. Supp. 2d 345 (S.D.N.Y. 2013) ...................................................................................... 4

*Pelican Equity, LLC v. Brazell*,
    2010 U.S. Dist. LEXIS 139115 (S.D.N.Y. Aug. 17, 2010) ...................................................... 4

*PenneCom B.V. v. Merrill Lynch & Co.*,
   372 F.3d 488 (2d Cir. 2004)..................................................................................................3

*Stone v. Williams*,
   891 F.2d 701 (2d Cir. 1989)..................................................................................................3

*Weinman v. Morgan Stanley Senior Funding, Inc. (In re Adam Aircraft Indus. Inc.)*,
   No. 08-11751 MER, 2012 WL 646273 (Bankr. D. Colo. Feb. 28, 2012) ................................4

*In re Werth*,
   37 B.R. 979 (Bankr. D. Colo. 1984) ......................................................................................4

**Statutes**

11 U.S.C. § 502....................................................................................................................4

Harbinger Capital Partners LLC and certain of its managed and affiliated funds and wholly-owned subsidiaries, including HGW US Holding Company, L.P., Blue Line DZM Corp., and Harbinger Capital Partners SP, Inc. (collectively "Harbinger" or "Appellant"), by and through its attorneys, Kasowitz, Benson, Torres & Friedman LLP, hereby files this reply ("Reply") in further support of its motion ("Motion") (A) to grant leave to appeal the Decisions,[2] and (B) to expedite consideration of the SPSO Appellate Issues,[3] and in opposition to the SPSO Objection. Harbinger respectfully represents as follows:

## PRELIMINARY STATEMENT

The Court should disregard SPSO's extensive attack on Harbinger's alleged strategy and motives. They are unsubstantiated, false and irrelevant. As is evident from the June Decision, it was SPSO, not Harbinger that was found to have abused the bankruptcy process and provided false testimony. This latest attack on Harbinger in the SPSO Objection is more of the same.

Harbinger is seeking appellate review of a decision *every party* has sought to appeal. There can be no credible argument that appellate review is not necessary and timely. Indeed, absent such review, the upcoming damages trial and confirmation hearing scheduled to begin in late August will proceed upon a legally infirm platform, resulting in the enormous cost and delay attendant to a retrial..

Accordingly, Harbinger respectfully requests that the district court grant leave to appeal and expedite its consideration of the SPSO Appellate Issues.

---

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the *Memorandum of Law in Support of Motion of Harbinger Capital Partners, LLC (A) For Leave to Appeal and (B) To Expedite Appeal of Certain Issues*, dated June 19, 2014 [Adv. Dkt. No. 168].

[3] Two responses were filed in opposition to Harbinger's Motion: (i) *Defendants' SP Special Opportunities, LLC and Charles W. Ergen's Opposition to Harbinger Capital Partners, LLC's Motion for Leave to Appeal and To Expedite Appeal*, dated July 3, 2014 [Adv. Dkt. No. 175] (the "SPSO Objection") and (ii) *Joinder and Statement of Defendants DISH Network Corporation, EchoStar Corporation and L-Band Acquisition LLC in Opposition to Harbinger Capital Partners LLC's Motion for Leave to Appeal and to Expedite Appeal of Certain Issues*, dated July 3, 2014 [Adv. Dkt. No. 177] (the "DISH Objection").

## REPLY

**I.  THE COURT SHOULD GRANT LEAVE
TO APPEAL THE SPSO APPELLATE ISSUES.**

Each of the SPSO Appellate Issues (i) involve a pure question of law, (ii) are subject to a substantial difference of opinion, and (iii) have the potential that, once resolved, will materially advance the progress of not only this adversary proceeding, but also the Debtors' chapter 11 cases.

**A.  Interlocutory Review Is Appropriate To Challenge
The Court's Application Of Equitable Defenses Where
It Acknowledged That All Elements Were Not Satisfied.**

The Bankruptcy Court's determination that equitable defenses are available to SPSO even though all of the elements of such defenses were not satisfied is a clear error of law and differs substantially from controlling cases. *See, e.g., De Silvio v. Prudential Lines, Inc.*, 701 F.2d 13, 17 (2d Cir. 1983) (reversing grant of summary judgment when district court abused its discretion in holding claim barred by laches when requisite elements had not been established).[4] In fact, neither the Bankruptcy Court, nor SPSO cite a case that holds otherwise. No examination of the record is needed to determine that this holding was wrong and should be reversed.[5]

Even if all of the elements of laches and equitable estoppel were satisfied, the Bankruptcy Court's ruling also conflicts with well-settled New York law that establishes that (1) laches is not

---

[4] *See also Fundamental Portfolio Advisors, Inc. v. Tocqueville Asset Mgmt., L.P.*, 7 N.Y.3d 96, 106-07 (2006) ([I]n the absence of evidence that a party was misled by another's conduct or that the party significantly and justifiably relied on that conduct to its disadvantage, an essential element of estoppel is lacking."); *Babitt v. Vebeliunas (In re Vebeliunas)*, 332 F.3d 85, 93-94 (2d Cir. 2003) (equitable estoppel not a valid defense when "the banks did not rely on [plaintiff]'s conduct in deciding to extend the loans at issue to her husband"); *Eastman Kodak Co. v. Ricoh Co., Ltd.*, No. 12 Civ. 3109, 2013 WL 4044896,, at *19 (S.D.N.Y. Aug. 9, 2013) (finding equitable estoppel not established when defendant failed to demonstrate misrepresentations or misleading conduct).

[5] The argument that Harbinger does not have standing to challenge the Court's determination that equitable defenses defeat any claim of affirmative damages is flatly contradicted by the June Decision itself which provides that "while all of the elements of the doctrines of laches or equitable estoppel may not have been met, sufficient elements of each doctrine have been satisfied to preclude the pursuit or award of affirmative damages to LightSquared *and Harbinger* , , , ," Friedman Decl., Ex. A (June Decision), at 142 (emphasis added).

2

a defense to breach of contract, and (2) when a party such as SPSO engages in wrongdoing, it cannot assert the doctrines of laches and equitable estoppel as an affirmative defense. *See*, *e.g.*, *PenneCom B.V. v. Merrill Lynch & Co.*, 372 F.3d 488, 493 (2d Cir. 2004) ("[T]he equitable powers of this court can never be exerted in behalf of one who has acted fraudulently, or who by deceit or any unfair means has gained an advantage. To aid a party in such a case would make this court the abettor of iniquity.") (quoting *Bein v. Heath*, 47 U.S. 228, 247, 12 L. Ed. (1848)); *Frankel v. Central Moving & Storage Co.*, No. 95 CV 6330, 1997 WL 672003, at * 4 (S.D.N.Y. Oct. 29, 1997) (laches not established when movant failed to show "good faith conduct on the part of the defendants"); *City of N.Y. v. Tavern on the Green, L.P.*, 427 B.R. 233, 245 (S.D.N.Y. 2010) ("[T]o assert an equitable defense such as laches, the Debtors must come before the court with clean hands.").[6] Having found that SPSO actions were inequitable (and that its claim should be equitably subordinated), the Court is precluded from holding that SPSO can avail itself of any equitable defenses.

Determination of this issue will materially and efficiently impact the outcome of this adversary proceeding and the Debtors' bankruptcy cases themselves. As SPSO noted, the hearing on the Debtors' plan of reorganization is scheduled to begin the last week of August 2014. SPSO, however, failed to note that it intends to object to the plan and its treatment thereunder. As the confirmation hearing inevitably will center on the amount and priority of SPSO's claim, it is enormously inefficient for the Bankruptcy Court to engage in this exercise in the face of discrete, fundamental and unresolved issues of law.

---

[6] *See also Mason v. Jamie Music Publ'g Co.*, 658 F. Supp. 2d 571, 588 (S.D.N.Y. 2009) (declining to apply laches where party asserting equitable defense has unclean hands) (citing *Stone v. Williams*, 891 F.2d 701, 404 (2d Cir. 1989) ("[O]ne who seeks Equity's assistance must stand before the court with clean hands.")); *Aris-Isotoner Gloves, Inc. v. Berkshire Fashions, Inc.*, 792 F. Supp. 969, 971 (S.D.N.Y. 1992) ("Because of Berkshire's unclean hands, we find that it is immaterial that Dweck's revised testimony may support a finding of laches.") *aff'd sub nom. Aris-Isotoner Gloves v. Berkshire Fashions*, 983 F.2d 1048 (2d Cir. 1992).

### B. Interlocutory Review Is Appropriate To Reverse The Court's Holding That It Could Not Contractually Disallow SPSO's Claim.

The Court determined that contractual disallowance pursuant to Section 502 of the Bankruptcy Code was not an available remedy solely because it concluded that "the Credit Agreement does not contain clear language voiding an assignment to a party that is not an Eligible Assignee or invalidating a claim by such party relating to the Credit Agreement." Friedman Decl., Ex A (June Decision), at 135.  In reaching its decision, the Bankruptcy Court overlooked well-established law that "unambiguous contract provisions that limit a party's ability to assign its rights under the contract render any purported assignment void," and ignored its own conclusion that the purported transfer of such rights to SPSO was an implied breach of the Credit Agreement.  *See Neuroaxis Neurosurgical Assocs., PC v. Costco Wholesale Co.*, 919 F. Supp. 2d 345, 352 (S.D.N.Y. 2013); *Pelican Equity, LLC v. Brazell*, 2010 U.S. Dist. LEXIS 139115, at *18 (S.D.N.Y. Aug. 17, 2010) ("[T]he Assignment was a 'transfer' in violation of the Utah court's February 17, 2009 Supplemental Order . . . The Assignment itself is therefore void and the rights purportedly transferred — including the right to sue — are unenforceable.").

It makes no difference whether SPSO breached the express terms of the Credit Agreement as a non-Eligible Assignee or whether it breached the implied terms of the contract, as the Court held.  *See Weinman v. Morgan Stanley Senior Funding, Inc. (In re Adam Aircraft Indus. Inc.)*, No. 08-11751 MER, 2012 WL 646273, at *2-3, *5 (Bankr. D. Colo. Feb. 28, 2012) (upholding action for claim disallowance under Section 502 on motion to dismiss, where action was based on breach of the covenant of good faith and fair dealing); *In re Continental Airlines Corp.*, 57 B.R. 845, 848-49 (Bankr. S.D. Texas 1985) (disallowing claim pursuant to Section 502(b) based on breach of contract); *In re Werth*, 37 B.R. 979, 991 (Bankr. D. Colo. 1984)

4

(same). The result is the same – because of its breach, SPSO should be denied the benefits of the contract, including the right to assert a claim against the Debtors.

The threshold nature of this issue – determining whether SPSO even has a valid claim against the Debtors – demands its adjudication prior to the confirmation hearing. If Harbinger and the Debtors are correct on this issue, *the entirety of SPSO's challenges to the Debtors' plan will become moot.*

### C. Interlocutory Appeal Is Appropriate To Challenge The Court's Holding That Equitable Disallowance Is Not A Viable Cause Of Action.

With respect to the third issue as to which Harbinger seeks expedited appellate review, SPSO argues that leave is not warranted because there is no controlling law as to whether equitable disallowance is a viable action. This is not the standard. As SPSO itself recognizes elsewhere in its objection, "the district court must analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one in which there is a substantial ground for dispute." SPSO Objection, at 13 (quoting *In re Enron Corp.*, 2007 WL 2780394, at *1 (S.D.N.Y. Sept. 24, 2007).

Here, in the *only decision* rendered by the district court on this issue, Judge McKenna upheld the bankruptcy court's determination that it could not dismiss a claim for equitable disallowance because such a claim does indeed exist. That this decision also conflicts with other decisions from bankruptcy courts in this district further establishes that there exists a substantial ground for dispute. *See* SPSO Objection, at 13. A substantial ground for difference of opinion is further highlighted by SPSO's citation to *Law v. Siegel*, 134 S. Ct. 1188 (2014). Although SPSO cites this case as support for its argument that equitable disallowance is beyond the equitable powers of the bankruptcy court, the case is inapposite. There, the Supreme Court held that "in exercising [its equitable powers], a bankruptcy court may not **contravene specific statutory**

5

*provisions*" and noted that the action at issue there "violated § 522's express terms." *Id.* at 1194, 1195 (emphasis added). By contrast, the remedy of equitable disallowance is a pre-Code remedy that has long been seen as a tool of the Bankruptcy Court and does not contravene any specific statutory provision. Neither SPSO nor the Bankruptcy Court identified any provision of the Bankruptcy Code that is contradicted by the remedy of equitable disallowance.

The need for expedited consideration of this issue is manifest. Again, a central issue within the upcoming confirmation hearing is the amount and priority of SPSO's claim. It would be inefficient and unjust for that hearing to proceed upon the flawed premise that SPSO's claim cannot be equitably disallowed.

## II.  THE COURT SHOULD CONSIDER THE SPSO APPELLATE ISSUES ON AN EXPEDITED BASIS.

The amount and priority of SPSO's claim is one of the primary issues that the parties continue to dispute. As set forth above, all three of the SPSO Appellate Issues directly relates to and impacts both of these very issues. Adjudication of these issues now prior to the commencement of the confirmation hearing will substantially clarify the rights of the parties and streamline the proceedings. The importance of the SPSO Appellate Issues and the judicial efficiency in determining them on an expedited time frame override any concern about underlying factual questions implicated by any of the other appellate issues that Harbinger or other parties may raise in connection with an appeal of the Decisions.

6

**CONCLUSION**

WHEREFORE, Appellants respectfully request that this Court enter an Order (i) granting leave to appeal, (ii) expediting consideration of the SPSO Appellate Issues, and (iii) providing for such further relief as this Court deems just and proper.

Dated: July 10, 2014
      New York, New York

                         KASOWITZ, BENSON, TORRES
                            & FRIEDMAN LLP

                         /s/ *David M. Friedman*
                        David M. Friedman (DFriedman@kasowitz.com)
                        Adam L. Shiff (AShiff@kasowitz.com)
                        Christine A. Montenegro (CMontenegro@kasowitz.com)
                        Matthew B. Stein (MStein@kasowitz.com)
                        1633 Broadway
                        New York, New York 10019
                        Telephone: (212) 506-1700
                        Facsimile: (212) 506-1800

                        *Attorneys for Plaintiff-Appellant*